IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MIDWAY INSURANCE MANAGEMENT INTERNATIONAL, INC. | : : : | |
| Plaintiff, | : : | CIVIL ACTION FILE NO. 1:20-cv-1481-TCB |
| v. | : : | |
| ACCIDENT INSURANCE COMPANY, INC. and TIMOTHY EDINGTON | : : : | |
| Defendants. | : | |

## DEFENDANTS', ACCIDENT INSURANCE COMPANY, INC. AND TIMOTHY EDINGTON, RULE 26(a)(1) INITIAL DISCLOSURES

Defendants, Accident Insurance Company, Inc. and Timothy Edington (hereafter collectively the "Defendants"), submit these Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and N.D. Ga. R. 26.1(B)(2). The Initial Disclosures are based on information reasonably available to Defendants at this time and are made without waiving any objections as to relevance, materiality, or admissibility of evidence in this action. Defendants reserve the right to revise, correct, add to, or clarify the Initial Disclosures set forth herein, consistent with Rule 26(e) of the Federal Rule of Civil Procedure.

*(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.*

Not applicable as Defendants are properly identified.

*(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties provide reasons for defendant's contention.*

Not applicable as Defendants do not contend there are necessary, yet unnamed, parties to this action.

*(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.*

Defendants maintain there has never been a contract entered into between Accident Insurance Company, Inc., Citadel Risk Management, Inc. a/k/a Citadel Risk Services, Inc., and Plaintiff. Defendants maintain there has never been a contract entered into between Accident Insurance Company, Inc. and Citadel Risk Management, Inc. a/k/a Citadel Risk Services, Inc. for the benefit of Plaintiff as an

intended third-party beneficiary. Therefore, Defendant maintains that Plaintiff is not entitled to any contract-based relief. Further, Defendants maintain that Accident Insurance Company, Inc. did not request Plaintiff's services. Therefore, Defendants maintain that Plaintiff is not entitled to equitable relief. Defendants maintain that no tort has been committed.

(4)    *Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.*

Defendants maintain that Plaintiff has failed to provide any statutes, codes, regulations, legal principles, standards and customs, usages or illustrative case law upon which Plaintiff is entitled to relief. Defendants pleaded in their respective Answers the following affirmative defenses: estoppel, failure of consideration, lack of privity, laches, waiver, economic loss doctrine, statute of limitations, statute of frauds, failure of consideration, payment, acquiescence, failure to act in a commercially reasonable manner, failure to mitigate damages, and wrong party.

(5)    *The name, and if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that*

*information, that the disclosing party may use to support its claims or defenses, unless solely for impeachment.*

Subject to the limitations of Rule 26(a) as to the scope of discovery, and without waiver of any objection to the production of documents and/or information that is otherwise privileged, below is a list of individuals who may have discoverable information that supports Defendants' defenses and/or is relevant to disputed facts alleged in Plaintiff's pleadings.

1.      Robert Arowood, c/o  Oxendine Law Group, P.C., 4370 Peachtree Road, NE, First Floor, Atlanta, GA 30319, 404.734.5738. May possess information relating to: Defendant Accident Insurance Company, Inc.'s (hereafter "AIC") contractual relationships with Citadel Reinsurance Company, Ltd. and Citadel International Reinsurance Company, Ltd., and the NAFTA Commercial Trucking Automobile Liability program;

2.      Art Coleman, 973.628.6060, art.coleman@citadelrisk.com. May possess information relating to: Defendant AIC's contractual relationships with Citadel Reinsurance Company, Ltd. and Citadel International Reinsurance Company, Ltd., the genesis of the NAFTA Commercial Trucking Automobile Liability program, the operation of the NAFTA Commercial Trucking Automobile Liability program, the

termination of the NAFTA Commercial Trucking Automobile Liability program, Citadel Risk Services, Inc.'s direct contract with Plaintiff for its third-party administrator services, email dated Friday, January 9, 2015, from art.coleman@citadelrisk.com with subject line "Contractual relationship between AIC- Citadel and Midway," various written and electronic correspondence related to the NAFTA program, and email dated Monday, December 7, 2015, from jeff@mimiclaims.com with subject line, "Contractual relationship between AIC - Citadel and Midway;"

3.     Various individuals associated with Appalachian Underwriters, Inc. May possess information concerning the NAFTA Commercial Trucking Automobile Liability program;

4.     Various individuals associated with US Administrator Claims. May possess information concerning the NAFTA Commercial Trucking Automobile Liability program;

5.     Any individual listed in Plaintiff's Rule 26(a)(1) Initial Disclosures; and

6.     Various other individuals who have yet to be determined.

(6)     *Provide the name of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. For all*

*experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.*

Arthur P. "Art" Coleman, Michael Hunter, Robbie Robinson, Etienne Font, Cord Farris, Nancy Durajcyzk, and Robert "Bob" Arowood.

Expert witnesses have yet to be determined.

*(7)    A copy of, or a description by category and location, of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.*

Subject to the limitations of Rule 26(a) as to the scope of discovery, and without waiver of any objection to the production of documents and/or information that is otherwise privileged, Defendants describe the following categories of documents, including electronically-stored information, that may be used to support its defenses.

1.     Accident Insurance Company, Inc., 8500 Menaul Blvd. NE, Suite 590, Albuquerque, New Mexico, 87112. Possesses documents, electronically stored information, and tangible things that concern: its contractual relationships with Citadel Reinsurance Company, Ltd. and Citadel International Reinsurance

Company, Ltd., the genesis of the NAFTA Commercial Trucking Automobile Liability program, the operation and duration of the NAFTA Commercial Trucking Automobile Liability program, the termination of the NAFTA Commercial Trucking Automobile Liability program, and the relationship of US Administrator Claims to NAFTA Commercial Trucking Automobile Liability program.

2. Citadel Group, U.S. Operations, 1011 Route 22 West, Bridgewater, NJ 08807. May possess documents, electronically stored information, and tangible things that concern: Defendant AIC's contractual relationships with Citadel Reinsurance Company, Ltd. and Citadel International Reinsurance Company, Ltd., the genesis of the NAFTA Commercial Trucking Automobile Liability program, the operations of the NAFTA Commercial Trucking Automobile Liability program, the termination of the NAFTA Commercial Trucking Automobile Liability program, Citadel Risk Services, Inc.'s direct contract with Plaintiff for its third-party administrator services, and various electronic mail ("email") either sent from or received at the email address, *art.coleman@citadelrisk.com*.

3. Appalachian Underwriters, Inc., 800 Oak Ridge Turnpike, Suite A-1000, Oak Ridge, TN 37830. May possess documents, electronically stored information, and tangible things that concern: Defendant AIC's contractual relationships with Citadel Reinsurance Company, Ltd. and Citadel International

Reinsurance Company, Ltd., the operations of the NAFTA Commercial Trucking Automobile Liability program, and the termination of the NAFTA Commercial Trucking Automobile Liability program.

4.     US Administrator Claims, P.O. Box 2005, Oak Ridge, TN 37831. May possess documents, electronically stored information, or tangible things that concern: Defendant AIC's contractual relationships with Citadel Reinsurance Company, Ltd. and Citadel International Reinsurance Company, Ltd., the operations of the NAFTA Commercial Trucking Automobile Liability program, and the termination of the NAFTA Commercial Trucking Automobile Liability program.

*(8)   A computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and the extent of injuries suffered.*

Defendants have not computed damages from these claims by Plaintiff. In their respective answers, each Defendant requested an award of attorney's fees.

*(9)   If defendant contends that some other person or legal entity is, in whole or part, liable to the plaintiff or defendant in this matter, state the full name address,*

*and telephone number of such person or entity and describe in detail the basis of*
*such liability.*

Not applicable as Defendants do not contend that some other person or legal
entity is, in whole or part, liable to plaintiff or defendant in this matter. It appears,
however, that Plaintiff may have had a contract with Citadel Risk Services, Inc. for
third party administration services.

*(10)   For inspection and copying under Rule 34 any insurance agreement*
*under which an insurance business may be liable to satisfy all or part of a possible*
*judgment in the action or to indemnify or reimburse for payments made to satisfy the*
*judgment.*

Not applicable as no such insurance agreement exists.

Respectfully submitted this 11th day of February 2022.

*/s/ John W. Oxendine*

John W. Oxendine
GA Bar No. 558155

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of Defendants, Accident Insurance Company, Inc.'s and Timothy Edington's, Rule 26(a)(1) Initial Disclosures upon Plaintiff's counsel of record using the Court's electronic filing system.

This 11th day of February 2022.

*/s/ John W. Oxendine*
John W. Oxendine
Georgia Bar No. 558155

OXENDINE LAW GROUP, P.C.
4370 Peachtree Road NE
First Floor
Atlanta, Georgia 30319
(404) 734-5738
jwolaw@gmail.com
ivyoxendine71@gmail.com

## <u>CERTIFICATE OF COMPLIANCE</u>

In compliance with N.D. Ga. R. 7.1D, I certify that the foregoing DEFEDANTS' RULE 26(a)(1) INITIAL DISCLOSURES has been prepared in conformity with N.D. Ga. R. 5.1. These Initial Disclosures are prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1.5) inches and a left margin of one (1) inch. These Initial Disclosures are proportionally spaced.

This 11th day of February 2022.

_/s/ John W. Oxendine_
John W. Oxendine
Georgia Bar No. 558155

OXENDINE LAW GROUP, P.C.
4370 Peachtree Road NE
First Floor
Atlanta, Georgia 30319
(404) 734-5738
jwolaw@gmail.com
ivyoxendine71@gmail.com