IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MIDWAY INSURANCE MANAGEMENT INTERNATIONAL, INC. | : : : | |
| Plaintiff, | : : | CIVIL ACTION FILE NO. 1:20-cv-1481-SEG |
| v. | : : | |
| ACCIDENT INSURANCE COMPANY, INC. and TIMOTHY EDINGTON | : : : | |
| Defendants. | : | |

## DEFENDANT ACCIDENT INSURANCE COMPANY, INC.'S STATEMENT OF MATERIAL FACTS

In support of its Motion for Summary Judgment and in compliance with Local Rule 56.1(B)(1), Defendant, Accident Insurance Company, Inc. ("AIC"), by and through its counsel, respectfully shows as follows:

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      There is not a valid and binding contract between Defendant AIC, Plaintiff, Midway Insurance Management International, Inc. ("Midway") and Citadel Risk Management, Inc., a/k/a Citadel Risk Services, Inc. for the provision of Midway's

1

services as a third-party administrator ("TPA") of claims. (Washburn Dep. 24 at 2-25, 25 at 1-20).

2.     There is not a valid and binding contract between Defendant AIC and Citadel Risk Management, Inc., a/k/a Citadel Risk Services, Inc. for the benefit of Midway as an intended third-party beneficiary. (Washburn Dep. 20 at 20-25, 21 at 1-8). (Washburn Dep. 65 at 11-25, 66 at 1-11). See also, 30(b)(6) Dep. 12 at 16-25, 13 at 1-21.

3.     At the relevant times, Jeff Washburn was vested with the authority to enter into contracts on behalf of Plaintiff. (30(b)(6) Dep. 11 at 1-6).

4.     At the close of discovery, Plaintiff produced only one (1) executed contract, the Third-Party Administration Agreement between itself and Citadel Risk Services, Inc. (Washburn Dep. 24 at 2-25, 25 at 1-20). See, Washburn Dep. Exhibit 1 and 1a. See also, 30(b)(6) Dep. Exhibit 2 and 2a.

5.     Defendant AIC is not a party to the Third-Party Administration Agreement between Plaintiff and Citadel Risk Services, Inc. (Washburn Dep. 24 at 2-25, 25 at 1-20).

6. Defendant AIC did not execute an endorsement to the Third-Party Administration Agreement between Plaintiff and Citadel Risk Services, Inc. (Washburn Dep. 55 at 12-25, 56 at 1-17). See also, 30(b)(6) Dep. Exhibits 3, 4, & 5.

7. There is not a valid and binding contract directly between AIC and Plaintiff. (Washburn Dep. 21 at 21-23). See also, Washburn Dep. 59 at 13-8. See also, Washburn Dep. 21 at 9-20.

8. The sums that Defendant Timothy Edington, on behalf of AIC, represented on April 30, 2019, and July 11, 2019, would be paid to Plaintiff were for TPA services rendered prior to April 30, 2019. (Doc. 14 at 13).

9. Plaintiff cannot recall and state for record who, on behalf of AIC, promised to pay Plaintiff's TPA fees and expenses. (30(b)(6) Dep. 31 at 3-9).

10. Plaintiff did not change its position based on AIC's alleged promise to pay its TPA fees and expenses. (Washburn Dep. 64 at 13-22). See also, 30(b)(6) Dep. 20 at 24-25, 21 at 1-13.

   Respectfully submitted this 16th day of May 2022.

                              By: /s/ Ivy A. Oxendine
                              Ivy A. Oxendine
                              Georgia Bar No. 952891
                              John W. Oxendine
                              Georgia Bar No. 558155

**OXENDINE LAW GROUP, PC**
4370 Peachtree Road, N.E.
First Floor
Atlanta, Georgia 30319
Telephone: (404) 734-5738
Telephone: (404) 844-8129
Facsimile: (404) 521-4834
ivyoxendine71@gmail.com
jwolaw@gmail.com


*Attorneys for Defendant, Accident Insurance Company, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of May 2022, the foregoing document was filed with the Clerk of the Court using the ECF system, which will effectuate service on all parties.

s/ Ivy A. Oxendine
Ivy A. Oxendine
*Attorney for Defendant,*
*Accident Insurance Company,*
*Inc.*

## **CERTIFICATE OF COMPLIANCE**

In compliance with N.D. Ga. R. 7.1D, I certify that the foregoing Motion for Summary Judgment has been prepared in conformity with N.D. Ga. R. 5.1. This motion was prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1.5) inches and a left margin of one (1) inch.

>                                s/ Ivy A. Oxendine
>                                Ivy A. Oxendine
>                                *Attorney for Defendant,*
>                                *Accident Insurance Company,*
>                                *Inc.*